**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| SCOTT R. BLEVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:09-CV-424 |
| | ) | |
| KOSCIUSKO COUNTY DEPARTMENT | ) | |
| OF SOCIAL SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a complaint filed by Scott R. Blevins on September 8, 2009. For the reasons set forth below, the claim that the defendants coerced victim testimony against him is **DISMISSED WITHOUT PREJUDICE**; all other claims are **DISMISSED WITH PREJUDICE** and this case is **TERMINATED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Scott R. Blevins, a *pro se* prisoner, brings this civil action alleging that the defendants refuse to prosecute a person whom he alleges molested his 10 year old daughter. He also alleges that they coerced the perpetrator's 5 year old daughter to accuse him of molestation.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Blevins alleges that the defendants will not pursue charges against a person whom he alleges molested his 10 year old daughter. "The executive can choose not to prosecute one case, yet prosecute vigorously another involving the same issues." *United States v. Martin*, 287 F.3d 609, 623 (7th Cir. 2002). "The judiciary cannot compel prosecutions" *id.* because "[a] judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them." *United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). Though Blevins

believes he has been wronged because the defendants will not pursue charges against the person whom he believes molested his daughter, this simply does not state a claim and will therefore be dismissed with prejudice.

Blevins also alleges that the defendants coerced the 5 year old daughter of the person who molested his daughter into accusing him of having molestated her. Blevins has been charged, but not yet convicted of this crime. Because success in this civil lawsuit would be inconsistent with his potential conviction in his criminal case, it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> It should be noted that we have not limited the application of *Heck* to situations involving outstanding convictions. Rather, joining other circuits, we have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.

*Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001). Therefore this claim will be dismissed without prejudice. If at some time in the future, all of the charges arising out of the molestation of the allegedly coerced 5 year old victim are dismissed, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus", *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994), then Blevins may file a new lawsuit.

CONCLUSION

For the reasons set forth above, the claim that the defendants coerced victim testimony against him is **DISMISSED WITHOUT PREJUDICE**; all other claims are **DISMISSED WITH PREJUDICE** and this case is **TERMINATED** pursuant to 28 U.S.C. § 1915A.

**DATED:  September 18, 2009**          /s/RUDY LOZANO, Judge
                                        **United States District Court**